# Exhibit A

**Ronald J. Herman, Esq. (Attorney ID No.: 278182018)**
**GOTTLIEB & GREENSPAN, LLC**
**17-17 Route 208, Suite 250**
**Fair Lawn, New Jersey 07410**
**Phone Number: (201) 633-3521**
**Fax Number: (201) 633-3521**
*Attorneys for Plaintiff*

| | |
|---|---|
| AMER INSTITUTE OF ORTHOPAEDICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL H. COOK ASSOCIATES, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>PASSAIC COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff Amer Institute of Orthopaedics LLC ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Daniel H. Cook Associates, Inc. ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a medical provider with a principal place of business at 1300 Main Avenue, Suite 3A, Clifton, New Jersey 07011.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in the New Jersey Superior Court, Law Division under R. 4:3-1(a)(5).

4. Venue is proper in Passaic County pursuant to R. 4:3-2(a)(3), because Plaintiff's principal place of business is located in Passaic County.

## FACTUAL BACKGROUND

5.      The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for qualifying medical services. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty (30) days of the IDR entity's determination. *Id*.

6.      The NSA is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute process to determine pricing for medical services rendered by out-of-network ("OON") medical providers in emergency or certain elective circumstances.

7.      Under the NSA, an insurer has 30 days from the date the bill is transmitted by the ONN medical provider to pay or deny the claim. 42 U.S.C. §300gg-112(a)(3)(A-B). Insurers unilaterally determine their initial payment amount, often paying what the law refers to as a Qualifying Payment Amount ("QPA"). If the OON medical provider does not accept the insurer's initial payment as payment in full, the OON medical provider may initiate an "open negotiation period" with the insurer to attempt to negotiate a higher amount. *Id*. § (b)(1)(A). If the negotiations fail by the close of the open negotiation period, the OON medical provider may initiate the NSA's IDR process. *Id*. § (b)(1)(B).

8.      However, the medical provider is precluded from billing the patient for any amount over and above the health plan's initial "QPA" payment ("balance billing"). In that way, the NSA ensures that the patient will be protected from liability for "surprise" out-of-network medical charges. *Id*.

9. The NSA's IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id*. § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id*. § (b)(5)(C). After an IDR determination, the non-prevailing party is required to pay any amount owed within **30 days**. *Id*. § (c)(6).

10. Plaintiff is a medical provider that specializes in hand surgery.

11. On July 1, 2024, Dr. Kamil M. Amer, M.D., an orthopedic surgeon employed by Plaintiff, provided medical treatment to an individual identified as O.T. ("Patient") at St, Mary's General Hospital, located in Passaic, New Jersey.

12. At the time the medical treatment was rendered, Patient was a member of a health plan administered by Defendant.

13. As an OON medical provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's member.

14. However, since the medical treatment was rendered in a participating network facility and/or emergently, Patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq.*

15. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following Current Procedural Terminology ("CPT") codes:

     a.    $60,580.00 for the first instance of CPT code 64722;

     b.    $10,500.00 for CPT code 26765-F7;

     c.    $17,955.00 for CPT code 26350-F7;

    d.    $17,955.00 for CPT code 26350-F6;

    e.    $10,500.00 for CPT code 26765-F6;

    f.    $50,001.00 for CPT code 11012-F7;

    g.    $50,001.00 for CPT code 11012-F6; and

    h.    $60,580.00 for the second instance of CPT code 64722.

16. In response to Plaintiff's HCFA, Defendant allowed the following payment amounts to Plaintiff:

    a.    $251.87 (Patient's responsibility) for the first instance of CPT code 64722;

    b.    $343.70 (Defendant's initial payment was $240.59 and Patient's responsibility was $103.11) for CPT code 26765-F7;

    c.    $485.34 (Defendant's initial payment was $25.12 and Patient's responsibility was $460.22) for CPT code 26350-F7;

    d.    $970.67 (Patient's responsibility) for CPT code 26350-F6;

    e.    $343.70 (Defendant's initial payment was $240.49 and Patient's responsibility was $103.11) for CPT code 26765-F6;

    f.    $250.13 (Patient's responsibility) for CPT code 11012-F7;

    g.    $250.13 (Patient's responsibility) for CPT code 11012-F6; and

    h.    $251.87 (Patient's responsibility) for the second instance of CPT code 64772.

17. Plaintiff disputed Defendant's initial allowed payment determinations and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

18. Because the disputes were not resolved by the close of the open negotiation period, Plaintiff initiated the NSA's IDR process by submitting a "Notice of IDR Initiation" to the

Department of Health and Human Services to have the proper reimbursement amounts determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1-5).

19.     Plaintiff forwarded a copy of each Notice of Initiation to Defendant as required.

20.     To initiate the IDR process, Plaintiff was required to access the federal IDR portal and affirmatively accept binding click-wrap terms and conditions governing participation in the IDR process.

21.     Thereafter, Plaintiff submitted each "Notice of Offer" together with documentation that supported Plaintiff's final offers as follows:

    a.    $60,000.00 for the first instance of CPT code 64722;

    b.    $10,500.00 for CPT code 26765-F7;

    c.    $17,955.00 for CPT code 26350-F7;

    d.    $17,955.00 for CPT code 26350-F6;

    e.    $10,500.00 for CPT code 26765-F6;

    f.    $50,001.00 for CPT code 11012-F7;

    g.    $50,001.00 for CPT code 11012-F6; and

    h.    $60,580.00 for the second instance of CPT code 64722.

22.     Defendant did not submit a Notice of Offer or otherwise participate in the IDR process despite having been sent each Notice of Initiation.

23.     On May 26, 2025, the certified IDR entity ("CIDRE") issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876914, awarding Plaintiff $60,000.00 for the first instance of  CPT code 64722, amounting to an additional $59,748.13 over Defendant's initial allowed payment amount. *See* **Exhibit A**, attached hereto.

24. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 25, 2025.

25. As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

26. For DISP-2876914, Defendant has failed to pay $59,748.13, which is currently due and owing.

27. Also on May 26, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876950, awarding Plaintiff $10,500.00 for CPT code 26765-F7, amounting to an additional $10,156.30 over Defendant's initial allowed payment amount. *See* **Exhibit B**, attached hereto.

28. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 25, 2025.

29. As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

30. For DISP-2876950, Defendant has failed to pay $10,156.30, which is currently due and owing.

31. Also on May 26, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876941, awarding Plaintiff $17,955.00 for CPT code 26350-F7, amounting to an additional $17,469.66 over Defendant's initial allowed payment amount. *See* **Exhibit C**, attached hereto.

32. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 25, 2025.

33. As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

34. For DISP-2876941, Defendant has failed to pay $17,469.66, which is currently due and owing.

35. Also on May 26, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876938, awarding Plaintiff $17,955.00 for CPT code 26350-F6, amounting to an additional $16,984.33 over Defendant's initial allowed payment amount. *See* **Exhibit D**, attached hereto.

36. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 25, 2025.

37. As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

38. For DISP-2876938, Defendant has failed to pay $16,984.33, which is currently due and owing.

39. On May 27, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876945, awarding Plaintiff $10,500.00 for CPT code 26765-F6, amounting to an additional $10,156.30 over Defendant's initial allowed payment amount. *See* **Exhibit E**, attached hereto.

40. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 26, 2025.

41. As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

42.     For DISP-2876945, Defendant has failed to pay $10,156.30, which is currently due and owing.

43.     Also on May 27, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876934, awarding Plaintiff $50,001.00 for CPT code 11012-F7, amounting to an additional $49,750.87 over Defendant's initial allowed payment amount. *See* **Exhibit F**, attached hereto.

44.     Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 26, 2025.

45.     As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

46.     For DISP-2876934, Defendant has failed to pay $49,750.87, which is currently due and owing.

47.     Also on May 27, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876922, awarding Plaintiff $50,001.00 for CPT code 11012-F6, amounting to an additional $49,750.87 over Defendant's initial allowed payment amount. *See* **Exhibit G**, attached hereto.

48.     Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 26, 2025.

49.     As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

50.     For DISP-2876922, Defendant has failed to pay $49,750.87, which is currently due and owing.

51.     Also on May 27, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2876917, awarding Plaintiff $60,580.00 for the second instance of CPT code 64722, amounting to an additional $60,328.13 over Defendant's initial allowed payment amount. *See* **Exhibit H**, attached hereto.

52.     Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 26, 2025.

53.     As of the date of this Complaint, over 285 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

54.     For DISP-2876917, Defendant has failed to pay $60,328.13, which is currently due and owing.

55.     Despite the legal requirement to pay the additional amounts owed within 30 days of the CIDREs' determinations Defendant has failed to do so. As of the filing of this Complaint, the amount awarded, unpaid and past due by Defendant is $274,344.59.

56.     While the NSA is a federal law, federal courts have indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (*citing Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA; "the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.")

57.    Accordingly, Plaintiff seeks herein all unpaid past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs, which are in no event less than $274,344.59.

## COUNT ONE

### DECLARATORY JUDGMENT

58.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 57 of the Complaint as though fully set forth herein.

59.    An actual and present controversy exists between Plaintiff and Defendant concerning Defendant's obligation to pay the amounts owed as determined by the CIDREs.

60.    By refusing to pay the amounts owed despite repeated demands, Defendant seemingly contends that it is not required to do so, or that payment may be delayed or avoided, notwithstanding the CIDREs' final determinations.

61.    Defendant is obligated to pay the amounts determined by the CIDREs and there is no appeal, complaint or administrative process that stays Defendant's payment obligations.

62.    A declaratory judgment would resolve the parties' dispute and clarify their respective rights and obligations.

63.    Plaintiff seeks a declaration that Defendant is obligated to pay the amounts owed as determined by the CIDREs in full and without delay.

## COUNT TWO

### ACCOUNT STATED

64.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 of the Complaint as though fully set forth herein.

65.     Plaintiff rendered medical treatment to Defendant's member for which Defendant was financially responsible.

66.     Plaintiff submitted a HCFA to Defendant reflecting the amounts due for the medical treatment it rendered to Defendant's member.

67.     After the parties failed to resolve the payment disputes at the close of the open negotiation period, Plaintiff initiated the NSA's IDR process.

68.     On May 26, 2025, and May 27, 2025, the CIDREs issued written final determinations establishing the amounts Defendant owed to Plaintiff for the medical services Plaintiff rendered to Defendant's member.

69.     Defendant received the CIDREs' written final determinations and did not move to vacate the determinations, as provided for under the parameters described in paragraphs (1) through (4) of section 10(a) of title 9. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

70.     Defendant's failure to seek recourse 9 U.S.C. § 10(a) constitutes an implied agreement that the CIDREs' final determinations are correct.

71.     Defendant has failed to pay the amounts owed as determined by the CIDREs.

**COUNT THREE**

**QUANTUM MERUIT**

72.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73.     Plaintiff conferred valuable benefits upon Defendant by providing good faith medical services to Defendant's member at Plaintiff's expense, with the reasonable expectation of payment.

74.     Defendant accepted and retained the benefits from the medical services Plaintiff provided as its member received medical services under the health plan Defendant administers.

75.     Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's member as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its member because it issued an Explanation of Benefits ("EOB") and made initial payment determinations.

76.     The final determinations made by the CIDREs reflect objective, federally regulated assessments of the reasonable value for the medical services Plaintiff rendered to Defendant's member.

77.     Defendant has failed to pay the amounts owed as determined by the CIDREs, or any amount approximating the reasonable value for the medical services Plaintiff rendered to Defendant's member.

78.     It would be unjust and inequitable for Defendant to retain the benefit of Plaintiff's medical services without paying the reasonable value as determined by the CIDREs.

79.     Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the reasonable value of the services rendered as determined by the CIDREs.

## COUNT FOUR

### UNJUST ENRICHMENT

80.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81.     Defendant received the benefits of the underlying medical services Plaintiff rendered to Defendant's member. These medical services were provided at Plaintiff's expense and

under circumstances that would make it unjust for Defendant to retain the benefits without commensurate compensation.

82.    Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's member. Defendant appreciates, realizes and knows that the benefits were conferred because it issued an EOB and made initial payment determinations. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

83.    The disputes over the value of the benefits received were resolved in accordance with the NSA's IDR process, which requires the non-prevailing party to issue payment within 30 days of the determination made by the CIDRE.

84.    The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA)). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR awards issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

85.    Defendant improperly retained the benefits under the plan without payment to Plaintiff.

86.     Defendant has continued to improperly retain the required payments for the services Plaintiff rendered to its member beyond the 30-day deadline, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

87.     It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes, as determined by the CIDREs in accordance with federal law.

88.     Plaintiff hereby seeks payment of the amounts owed as determined by the CIDREs as well as all benefits obtained by Defendant because Defendant did not timely pay the amounts owed, including without limitation the interest or investment income generated by such funds.

### CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     Judgment in the amount of $274,344.59;

b.     Declaratory relief as requested;

c.     Pre- and post-judgment interest;

d.     Costs of suit; and

e.     Such other relief as the Court deems just and equitable.

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

*/s/ Ronald J. Herman*
Ronald J. Herman, Esq.

Dated: April 9, 2026

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ronald J. Herman, Esq. is hereby designated as trial counsel in the above-captioned litigation on behalf of the law firm of Gottlieb & Greenspan, LLC.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

*/s/ Ronald J. Herman*
Ronald J. Herman, Esq.

Dated: April 9, 2026

# Exhibit A

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876914

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876914** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $60,000.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 64772 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

     • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

     • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876914 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876914 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit B

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876950

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876950** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $10,500.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 26765 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876950 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876950 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit C

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876941

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876941** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $17,955.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 26350 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876941 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876941 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit D

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876938

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876938** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $17,955.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 26350 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC . As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876938 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876938 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit E

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876945

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876945** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $10,500.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 26765 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876945 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876945 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 27, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit F

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876934

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876934** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $50,001.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 11012 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876934 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876934 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 27, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit G

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876922

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876922** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of $50,001.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 11012 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876922 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876922 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 27, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit H

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-2876917

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2876917** and has determined that AMER INSTITUTE OF ORTHOPAEDICS is the prevailing party in this dispute.

Because only one party, AMER INSTITUTE OF ORTHOPAEDICS , submitted an offer and paid the corresponding fees, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of  $60,580.00 offered by AMER INSTITUTE OF ORTHOPAEDICS is the appropriate out-of-network rate for the item or service 64772 on claim number 0012411702 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from DANIEL H COOK ASSOCIATES, INC .
As a result, the certified IDR entity has found in favor of AMER INSTITUTE OF ORTHOPAEDICS , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

  • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

  • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that DANIEL H COOK ASSOCIATES, INC is the non-prevailing party in DISP-2876917 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to AMER INSTITUTE OF ORTHOPAEDICS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2876917 was AMER INSTITUTE OF ORTHOPAEDICS. The initiating party's TIN is 932217099. The non-initiating party was DANIEL H COOK ASSOCIATES, INC. The 90-calendar day cooling off period begins on May 27, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-001258-26

**Case Caption:** AMER INSTITUTE OF OR THOPAEDIC  VS DANIEL H. COOK

**Case Initiation Date:** 04/09/2026

**Attorney Name:** RONALD J HERMAN

**Firm Name:** GOTTLIEB AND GREENSPAN LLC

**Address:** 17-17 ROUTE 208 SUITE 250

FAIR LAWN NJ 07410

**Phone:** 2016440894

**Name of Party:** PLAINTIFF : AMER INSTITUTE OF ORTHOPAEDICS

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: AMER INSTITUTE OF ORTHOPAEDICS? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
     **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/09/2026
Dated

/s/ RONALD J HERMAN
Signed

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 653-2910
COURT HOURS  8:30 AM - 4:30 PM


                         DATE:   APRIL 09, 2026
                         RE:     AMER INSTITUTE OF OR THOPAEDIC  VS DANIEL H. COOK
                         DOCKET: PAS L -001258 26


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON SCOTT J. BENNION

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 653-2910 EXT 24379.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: RONALD J. HERMAN
                                   GOTTLIEB AND GREENSPAN LLC
                                   17-17 ROUTE 208
                                   SUITE 250
                                   FAIR LAWN        NJ 07410


ECOURTS
```

|||||||||||||||||||||||||||||||
8 3 8 9 2 2

**Plaintiff**
AMER INSTITUTE OF ORTHOPAEDICS LLC

**Defendant** vs
DANIEL H. COOK ASSOCIATES, INC.

Person to be served: DANIEL H. COOK ASSOCIATES, INC.
Address:
1040 6TH AVENUE
NEW YORK NY 10018

Attorney:

GOTTLIEB & GREENSPAN
17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410
Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT WITH EXHIBITS

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
PASSAIC COUNTY

DOCKET NO. PAS-L-001258-26

AFFIDAVIT OF SERVICE
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Service Data:**

Served Successfully __X__  Not Served _____  Date: _04/17/26_  Time: _12:15 PM_ Attempts: _1_

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

_Josh Roldan_

_Managing Agent_

**Description of Person Accepting Service:**
Age: _25-30_ Height: _5'5"_ Weight: _160_ Hair: _Black_ Sex: _Male_ Race: _Hispanic_

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time _____
_____ Date _____ Time _____
_____ Date _____ Time _____
( ) Other: _____

Comments or Remarks _____

Subscribed and Sworn to me this _24_
day of _APRIL 2026_

_[signature]_

DOROTHY SENZER
Notary Public - State of New York
No. 01SE4648462
Qualified in Bronx County
My Commission Expires 04/30/2027

I, _Darlene S. Greene_ , was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct. **Darlene S. Greene**
**Process Server**
Dt/No: _DC1225_

_[signature]_
Signature of Process Server          Date

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700 Fax (973) 403-9222

Work Order No.    838922

File No.    PAS-L-001258-26

Ronald J. Herman, Esq. (Attorney ID No.: 278182018)
GOTTLIEB & GREENSPAN, LLC
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
Phone Number: (201) 633-3521
Fax Number: (201) 633-3521
*Attorneys for Plaintiff*

| | |
|---|---|
| AMER INSTITUTE OF ORTHOPAEDICS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL H. COOK ASSOCIATES, INC.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br><br>DOCKET NO.: PAS-L-001258<br><br>CIVIL ACTION<br><br>**SUMMONS** |

**THE STATE OF NEW JERSEY, TO THE ABOVE-NAMED DEFENDANT:**

**DANIEL H. COOK ASSOCIATES, INC.**

THE PLAINTIFF, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer

Referral Service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state). The phone numbers for the county in which this action is pending are: See attached.

/s/ *Michelle M. Smith, Clerk*
MICHELLE M. SMITH, CLERK

Dated: April 14, 2026

**Name of Defendant: DANIEL H. COOK ASSOCIATES, INC.**

**Address to be Served: 1040 6th Avenue**
**New York, NY 10018**